IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONI CONLEY, JR., # 443946, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01039-JPG |
| ) | |
| ST. CLAIR COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Toni Conley, Jr., an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on how he was treated after he fell while working in the kitchen at the Jail in July 2013. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on July 12, 2013, Plaintiff was working in the kitchen of the St. Clair County Jail when he stepped into a large hole in the floor and fell to the ground. Plaintiff injured his right leg, back and head. Dietary Supervisor Janice summoned a correctional officer to get Plaintiff medical care. Despite his pain and limp, Officer Sabo forced Plaintiff to walk from the kitchen to the nurse's office. Nurse Nancy assessed Plaintiff's injuries, declaring his leg to be fine, and attributing dizziness to Plaintiff rising too quickly, but ignoring Plaintiff's back. Plaintiff was given Tylenol and sent back to work, despite his pain and difficulty walking. An unidentified doctor subsequently refused Plaintiff's request for an x-ray of his leg, saying that the leg was only bruised. Again, Plaintiff's back was ignored. On July 25, 2013, Plaintiff's leg was x-rayed. Although Plaintiff was told by the doctor that his leg was

fine, Plaintiff was not permitted to work, and he still has not been cleared to work—presumably because he continues to experience leg and back pain, as well as blackouts.

It is alleged that the St. Clair County Sheriff's Department has been negligent and committed medical malpractice relative to the treatment of Plaintiff's injuries. Plaintiff seeks compensatory and punitive damages.

## Discussion

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.' " *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health,* 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted).

In an action pursuant to 42 U.S.C. § 1983, a unit of local government, like the Sheriff's Department, is responsible for its official policies and customs, not merely it's employee's misconduct. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007). The complaint does not allege or suggest any causal connection between a policy or custom of the St. Clair County Sheriff's Department. On that basis alone, dismissal is warranted.

The Court further notes that negligence is never actionable under Section 1983. *Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012). Similarly, a medical malpractice claim—a form of negligence—is not actionable under Section 1983. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th

Cir. 2007). Thus, the negligence and malpractice claims under Section 1983 must be dismissed with prejudice as they fail on their merits as a matter of law.

As drafted, the complaint fails to state any other claims upon which relief can be granted. Therefore, the complaint will be dismissed. Because the Court cannot foreclose the possibility that Plaintiff can state a viable claim against the St. Clair County Sheriff's Department premised upon the general factual scenario described by Plaintiff, the complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to file an amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's negligence and malpractice claims under Section 1983 are dismissed with prejudice, as they fail on their merits.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. At this juncture, no strike will be assessed under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before December 2, 2013 Plaintiff shall file an amended complaint. Any amended complaint will be subject to preliminary review under 28 U.S.C. § 1915A. Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2013**

*s/ J. Phil Gilbert*
**United States District Judge**
